FILED BY ___ D.C.

05 MAY -6 AM 10: 53

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

POSAPAC, LLC, a Tennessee limited liability company,
and BARRY FIALA, INC., a Tennessee corporation,

    Plaintiffs/Counter-Defendants,

v.                                                 Civil Action No. 05-2040 BV

WG&D, Inc., an Oregon corporation,
formerly known as
WESTERN GRAPHICS & DATA, INC.,

    Defendant/Counter-Plaintiff.

## PROTECTIVE ORDER

Upon submission and consent of all parties, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

1.     Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.     Definitions.

    (a)     "Confidential Information" as used herein means any information of any type, kind or character which is designated with a mark stating "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an



interrogatory answer or otherwise. In designating information as "Confidential," a party will make such designation only as to that information which it in good faith believes contains confidential or secret information. In designating information as "Attorney Eyes Only," a party will make such designation only as to that information which it in good faith believes is competitively sensitive to the producing party or competitively useful to the receiving party, such as pricing information, research, development or technical information, marketing information, manufacturing and cost-related information, customer lists or identity of customers, production specifications, business plans, financial and accounting information, or licensing or contractual information. The fact that information is designated as Confidential Information under this Order shall not determine or affect what a trier of fact may find to be confidential or proprietary.

    (b)    "Qualified Persons" as used herein, means:

        1.    Outside counsel and regular employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

        2.    Actual or potential independent technical experts or consultants who have signed a document in the form of Exhibit "A" attached hereto; a copy of such signed document to be served on opposing counsel by the attorney retaining such person either at the time such person's identity is requested by a party or with the pretrial order;

        3.    Corporate officers or employees of a corporate party who shall be designated in writing by the corporate party and who shall sign a document in the form of Exhibit "A" attached hereto; a copy of such signed document to be served on opposing counsel by the party designating such person;

        4.    Any third party who appears, from the face of the document, to have authored or received it, and who has signed a document in substantially the form of Exhibit

"A."

    5. Any service provider that (ii) is independent of the parties; (ii) is engaged by counsel of record to perform clerical-type services in connection with this litigation, e.g., photocopying, imaging, computer data entry, and the like, and (iii) has signed a document in substantially the form of Exhibit A attached hereto.

    6. Any other person whom the parties agree upon in writing or the Court, on notice and motion, approves.

  (c) "Qualified Attorneys" as used herein means:

    (1) attorney of record, attorneys supervising or working under the direction of an attorney of record, and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    (2) any author, addressee or recipient of the information or item designated as "Attorneys' Eyes Only," to whom disclosure is reasonably necessary for this litigation;

    (3) consultants and experts (and their staff) retained for purposes of preparing for or testifying at trial in this lawsuit who have been designated in writing by notice to all counsel prior to any disclosure of Confidential Information to such persons in accordance with the procedures set forth in Section 8 below, and who have signed an agreement in the form of Exhibit A prior to any disclosure of Confidential Information;

    (4) the Court and any of its staff and personnel, and reporters before whom depositions are conducted; and

    (5) any mediator agreed upon by the Parties, and such mediator's employees and staff.

3

3. Designation of Confidential Material

(a) Documents produced in this action may be designated by any party or parties as Confidential Information by marking the initial page "CONFIDENTIAL" or "ATTORNEYS EYES ONLY".

(b) Information may be designated by any party as Confidential Information which is disclosed at (i) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for purposes of this litigation, or (ii) the deposition of a third party (which information pertains to a party) by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys Eyes Only" and is subject to the provisions of this Order.

(c) Any party may also designate information as Confidential Information by notifying all of the parties, in writing, within thirty (30) days after receipt of the transcript, or at a later date, of the specific pages and lines of the transcript which should be treated as Confidential Information thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody or control. All deposition transcripts shall be treated as Confidential Information for at least a period of thirty (30) days after receipt of the transcript.

(d) Any third party producing documents and/or providing testimony in this litigation may take advantage of this Order in protecting its Confidential information.

4. Documents marked "Confidential" may be supplied to Qualified Persons. In lieu of marking the originals of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.

5. Documents marked "Attorneys Eyes Only" may be supplied to Qualified Attorneys. In lieu of marking the originals of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.

6. Unless otherwise ordered by the Court or agreed to in writing by the designating party, a party that seeks to disclose any information designated as "Attorneys' Eyes Only" information first must make a written disclosure to the designating party that: (1) sets forth the full name of the expert/consultant and the city and state of his or her primary residence; (2) attaches a copy of the expert's/consultant's current resume or Curriculum Vitae; and (3) identifies the expert's/consultant's current employer(s). In the case that the expert/consultant is precluded from disclosing any of the above-required information on the ground of a confidential relationship, that fact should be provided. The inability to provide full disclosure may be grounds for objection by the designating party. The party's counsel who discloses Confidential Information to individuals designated pursuant to Section 3(b)(3) of this Order shall obtain and retain the original agreements signed by qualified recipients of the information.

Within seven (7) calendar days, or such time as the parties thereafter agree, after receipt of the information described above, a party may object to the person proposed for approval if facts available to that p arty give it reason to believe that there is a reasonable likelihood that the designated person may use information designated "Attorneys' Eyes Only" for purposes other than related to this action ("Notice of Objection"). The Notice of Objection shall set forth the reasons for objecting to the designated person. Failure to object within seven (7) calendar days to a proposed Qualified Attorney under Section 2(c) shall (unless the parties have agreed to the contrary) be deemed to be approval, but shall not preclude a party from later

objecting to continued access to "Attorneys' Eyes Only" information by that person where facts suggesting a good faith basis for objection are subsequently learned by the party or its counsel.

If a party so objects, the requesting and objecting party shall, within five (5) days from the date of the receipt of the Notice of Objection, confer and attempt to resolve the dispute. If the parties cannot resolve the dispute, the requesting party may move the Court for an Order that access to information designated "Attorneys Eyes Only" be permitted to the designated person. While such motion is pending, the designated person will be denied access to the Confidential Information in question.

7. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons or Qualified Attorneys. The producing party may show Confidential Information of the producing party to any person the producing party chooses. Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons or Qualified Attorneys shall be maintained only at the office of such person and only working copies shall be made of any such documents.

8. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number/laser label within thirty (30) days of the entry of this Order. All documents produced for inspection before copies are provided shall be treated as Confidential Information during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Attorneys Eyes Only" by the producing party only if they have been so designated for inspection.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party designating Confidential Information consents to such disclosure, or if the Court,

after notice to all affected parties, orders such disclosure.

10. Nothing herein shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source of, or recipient of the Confidential Information, irrespective of which party produced such information.

11. If a producing party inadvertently produces to a receiving party any information or document without marking it as "Confidential" or "Attorneys' Eyes Only" the producing party shall, within 30 days of the discovery of the inadvertent production give notice to the receiving party in writing and thereafter the receiving party shall treat the information as "Confidential Information" as the case may be except as to persons who may have reviewed it before the notice was received.

12. The inadvertent or unintentional disclosure by a supplying party of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of the supplying party's claim of restriction either as to specific information disclosed or on the same or related subject matter.

13. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any Confidential Information or the designation of any person as a Qualified Person or Qualified Attorney, the parties shall first try to resolve such dispute in good faith on an informal basis. The objecting party shall then be required to move the Court for an Order objecting to the designated status of such information.

14. The parties may, by stipulation, provide for exceptions to this Order and any party

may seek an Order from this Court modifying this Protective Order.

15. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony filed and answers to interrogatories, admissions and other pleadings filed in Court in this litigation which have been designated, in whole or in part, as Confidential Information by a party to this action.

16. In the event that a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court, in this litigation, such Confidential Information used therein shall be maintained under seal by the Court.

17. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

18. Within sixty (60) days after the final conclusion of this litigation including any appeals relating thereto, any document and all reproductions of any documents produced by a party, in the possession of any of the persons under Section 2, shall be returned to the producing party except (a) as this Court may otherwise order; (b) court and correspondence files, trial and deposition exhibits, and trial and deposition transcripts in the possession of outside counsel; (c) or to the extent such information was used as evidence at the trial. In lieu of returning the documents, all such documents can be destroyed provided that a certificate of destruction listing the documents and certifying that they have been destroyed is sent to the producing party upon request within said sixty (60) day period. As far as the provisions of any Protective Orders entered in this litigation restrict the communication and use of any documents produced thereunder, such Orders shall continue to be binding at the conclusion of this litigation except (a) that there shall be no restriction of documents that are used as exhibits in Court (unless such

exhibits were admitted under seal), and (b) that a party may seek written permission from the producing party or Order of the Court with respect to dissolution or modification of such Protective Orders.

19. This Order shall not bar any attorney herein in the course or rendering advice to his/her client with respect to this litigation from conveying to the client his/her evaluation in a general way of Confidential Information produced or exchanged herein, provided however that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party herein, which disclosure would be contrary to the terms of this Order.

20. Any party designating any persons as a Qualified Person or Qualified Attorney shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

_____
J. DAN BREEN, UNITED STATES DISTRICT JUDGE

DATE: May 5, 2005

AGREED AS TO FORM
AND SUBSTANCE:

_____
RICHARD M. CARTER
Tennessee Disciplinary No. 7285
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Avenue, Suite 1000
Memphis, TN 38119
Tel: (901) 522-9000
Fax: (901) 527-3746
Attorney for Plaintiffs

9

AGREED AS TO FORM
AND SUBSTANCE:

_____
JOHN J. HEFLIN III
Tennessee Disciplinary No. 6142
BOURLAND, HEFLIN, ALVAREZ & MINOR, PLC
5400 Poplar Avenue, Suite 100
Memphis, Tennessee 38119
Tel: (901) 683-3526
Fax: (901) 763-1037
Attorney for Defendant

**[EXHIBIT A]**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

POSAPAC, LLC, a Tennessee limited liability company,
and BARRY FIALA, INC., a Tennessee corporation,

      Plaintiffs/Counter-Defendants,

v.                                                              Civil Action No. 05-2040 BV

WG&D, Inc., an Oregon corporation,
formerly known as
WESTERN GRAPHICS & DATA, INC.,

      Defendant/Counter-Plaintiff.

## AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

The undersigned hereby acknowledges that I have read the Protective Order entered in this action by the United States District Court for the Western District of Tennessee; that I am a Qualified Person or Qualified Attorney as described in Section 2 of that Order; that I understand the terms thereof; and that I agree to be bound by such terms.

_____          _____
Date                                                                 (Signature)

                                                                     _____
                                                                     (Printed name)

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:05-CV-02040 was distributed by fax, mail, or direct printing on May 12, 2005 to the parties listed.

---

Kenneth P. Jones
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Kenny W. Armstrong
CHANCERY COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 308
Memphis, TN 38103

Paul Howard Morris
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Richard M. Carter
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

John J. Heflin
BOURLAND HEFLIN ALAREZ & MINOR
5400 Poplar Avenue
Ste. 100
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT